IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM F. KAETZ, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:21-1614 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Patricia L. Dodge |
| UNITED STATES OF AMERICA and | ) | |
| WARDEN OF NEOCC, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

Petitioner, William F. Kaetz, recently submitted for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without paying the required filing fee or filing a motion for leave to proceed *in forma pauperis*. On November 12, 2021, the Court issued an order (ECF 3) that administratively closed this case and explained to Petitioner that he could reopen it if, by December 12, 2021, he paid the $5.00 filing fee or filed a motion for leave to proceed *in forma pauperis* along with the required supporting documents.

Now pending before the Court is Petitioner's motion (ECF 4) requesting that the Court compel Attorney Douglas Sughrue, his defense counsel in his criminal case at *United States v. Kaetz*, No. 2:21-cr-211 (W.D. Pa.), to represent him in this § 2241 habeas proceeding. Petitioner has no constitutional right to counsel in a habeas proceeding, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), and, because this is a noncapital case, he has no statutory right to counsel either. It is within the Court's discretion to appoint a financially eligible habeas petitioner counsel if it determines that the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B); Section IV.A.2.b of the *Criminal Justice Act Plan of the United States District Court for the Western District of Pennsylvania*. There is no basis for this Court to appoint Petitioner counsel (including his criminal

defense attorney) to represent him in this case. Therefore, Petitioner's request that the Court appoint him counsel is denied.

Petitioner, who is presently confined at the Northeastern Ohio Correctional Center ("NEOCC"), also requests a court order directing NEOCC to deduct from his account the $5.00 filing fee. This request is denied because it is Petitioner's responsibility to make arrangements with the prison in which he is confined to remit the $5.00 habeas filing to fee to the Court.

Finally, Petitioner also requests that the Court expedite all rulings in this case. This is no basis to grant this request. As the Court explained to Petitioner in its November 12, 2021 order (ECF 3), his § 2241 petition will not be filed until he: (1) pays the $5.00 filing fee; or (2) moves for, and is granted, leave to proceed *in forma pauperis*. He must do one of those two things by December 12, 2021.[1] If Petitioner takes the necessary steps to file a § 2241 habeas petition, the Court will then have a pre-service duty to screen[2] and summarily dismiss it if it plainly shows he is not entitled to relief under § 2241.

Based upon the foregoing, Petitioner's "Motion to Compel Appointed Attorney Douglas Sughrue to Approve and Support and Handle My 28 U.S.C. § 2241 Habeas Corpus Action; or Alternatively, Motion for the Court to Take the $5.00 Fee from my Commissary/Jail Account

---

[1] Attached to this order is the standard form entitled "PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241." If Petitioner decides to proceed with a § 2241 habeas case in this or any other district court, he is encouraged to *read the instructions set forth on the first page of this form, answer all the questions on the form, and submit the completed form as the § 2241 petition to be filed*.

[2] During the screening process, a court must consider whether a petitioner filed his or her § 2241 petition in the correct federal district court. Petitioner is advised that an inmate must file a § 2241 habeas petition in the district in which he or she is confined. *See, e.g., Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017); s*ee also United States v. Ballard*, 512 F. App'x 152, 153 (3d Cir. 2013) ("A § 2241 petition must be filed in the district of confinement…which is the only district with jurisdiction to hear the challenge.") (citations omitted).

and/or Both; [and to] Compel Attorney and Take the Filing Fee From My Jail Account" (ECF 4)

is **DENIED.**

So ORDERED this 2nd  day of December, 2021.


/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge