IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM F. KAETZ, | ) |
| Petitioner, | ) ) ) 2:21-cv-1614-NR-PLD |
| v. | ) ) ) |
| UNITED STATES OF AMERICA, et al., | ) ) ) ) |
| Respondents. | ) ) |

## ORDER

Before the Court is Magistrate Judge Dodge's Report and Recommendation (ECF 12), recommending that Mr. Kaetz's Petition for a Writ of Habeas Corpus be summarily dismissed. Mr. Kaetz, proceeding pro se, has filed objections to the R&R. ECF 15. The Court has carefully considered the record—including Mr. Kaetz's petition (ECF 8), his amendments to the petition (ECF 10 & 11), the R&R, and Mr. Kaetz's objections—and has conducted a de novo review of the R&R and Mr. Kaetz's objections. *See* 28 U.S.C. § 636(b)(1).

After a de novo review, the Court overrules Mr. Kaetz's objections, and adopts Magistrate Judge Dodge's R&R in whole as the opinion of the Court.[1] *See United*

---

[1] While the R&R correctly recommends dismissal on grounds other than the merits, the Court makes the following additional observations. Contrary to Mr. Kaetz's arguments and objections, his plea agreement clearly and unequivocally stated that, in addition to serving 16 months imprisonment, he would serve three years of supervised release, of which "the first six months of supervised release be served in home detention." *See United States v. Kaetz*, 2:21-cr-211, Dkt. No. 111-1, pp. 3-4 (W.D. Pa. Aug. 2, 2021). This was pursuant to a Rule 11(c)(1)(C) stipulated sentence, which the Court accepted. *Id.* This agreement is unambiguous, and facially belies the arguments Mr. Kaetz raises here. Further, Mr. Kaetz's emphasis on the Sentencing Guidelines in his current petition is unavailing. To begin with, the Court sentenced Mr. Kaetz pursuant to his stipulated sentence, not one predicated solely on the application of the Guidelines. But even if there were no stipulated sentence, the Sentencing Guidelines are advisory only, and nothing prevents the Court from imposing home detention as a condition of supervised release.

*States v. Raddatz*, 447 U.S. 667, 676 (1980) ("[I]n providing for a 'de novo determination' … Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." (cleaned up)); *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court. When a district court does accept the Magistrate's report, that is a judicial act, and represents the district court's considered judgment." (cleaned up)).

Accordingly, the Court adopts Magistrate Judge Dodge's Report and Recommendation (ECF 12) in whole, and overrules all of Mr. Kaetz's objections (ECF 15). Mr. Kaetz's petition (ECF 8) is **DISMISSED**. It is further ordered that Mr. Kaetz's motion for leave to appeal in forma pauperis (ECF 19) is **DENIED WITHOUT PREJUDICE**, in light of this Order. The Clerk of Court shall mark this case **CLOSED**.

DATED: February 7, 2022                    BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge